UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:25-80662-CIV-CANNON

BEVERLY BUNCHER,

    Plaintiff,

vs.

HAMLET AT POINCIANA CONDOMINIUM
ASSOCIATION, INC., and CENTURY
MANAGEMENT CONSULTANTS, INC.,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW Plaintiff, BEVERLY BUNCHER ("Plaintiff"), by and through her undersigned counsel, and opposes and responds to the Defendants', HAMLET AT POINCIANA CONDOMINIUM ASSOCIATION, INC's ("Hamlet") and CENTURY MANAGEMENT CONSULTANTS, INC.'s ("CMC" or together with Hamlet "Defendants"), [Joint] Motion to Dismiss Plaintiff's Complaint [ECF No. 14] (hereafter "MTD") as follows:

*Introduction*

Overall, the MTD misses the Rule 12(b)(6) mark and crosses impermissibly into summary judgment terrain. Speculation, fact contortion, and reliance on antiquated cases from other jurisdictions further undermine any substantive merit. The MTD asserts essentially five theories for dismissal of Plaintiff's Complaint: (1) mootness; (2) impropriety of an injunction; (3) statute of limitations; (4) disagreement with what qualifies as "intimidation"; and (5) disagreement with what qualifies as "indicating a preference that persons with disabilities not reside at Hamlet." None

of these theories, either alone or together, support dismissal. As explored *infra*, the MTD is due to be denied.[1]

## I. BACKGROUND AND CRITICAL FACTS

Plaintiff is a person with disabilities who needs an assistance animal to live in her home. Hamlet has a no-animals policy from which Plaintiff made a request for reasonable accommodation of her disability-related need to live with an assistance animal in the form of exemption from the policy ("request").

Significantly, Defendants' do not challenge Plaintiff's disability status nor do they challenge her need for an assistance animal. See MTD at 9. Instead they contend they never "willfully or intentionally" discriminated, brushing over their illegal policy and repeated requests for information under the guise of "meaningful review" which they declare "long buried" and thus time-barring to Plaintiff's claims. MTD at 1, 5 and 9. Defendants tout Plaintiff's refusal to remove or otherwise abstain from having an assistance animal (and thus capitulate to Defendants' illegal demands and threats) as evidence that her case is "moot." From the outset of her attempted residency at the Hamlet and upon making such request, Plaintiff was subjected to Defendants' illegal policies and information requests. That this occurred is critical to understanding the nature of Defendants' discriminatory actions and practices and that same are ongoing, especially in the face of their persisting, illegal policies.

## II. LEGAL STANDARD

Defendants cite both Rules 12(b)(6) and (1) as the grounds for their MTD.

---

[1] Should this Court find flaw with the Complaint, it is Eleventh Circuit and federal practice to grant leave to amend with instructions as to deficiency correction, and Plaintiff requests leave to amend and/or ample opportunity to request such leave. See *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should be "freely given" absent showing of "futility of amendment"). See also Fed. R. Civ. P. 15.

     **A.**    **FACIAL PLAUSIBILTIY IS ALL THAT IS REQUIRED TO DEFEAT A RULE 12(b)(6) CHALLENGE; THE COMPLAINT UNDER REVIEW ABLY MEETS THAT REQUIREMENT.**

The Court must accept all of the Plaintiff's factual allegations as true in determining whether the Plaintiffs have stated a claim for which relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004); *Carpenter v Syndicated Office Systems, LLC*, 319 F.Supp. 1272, 1273-74 (S. D. Fla. 2018). It must also construe those factual allegations in the light most favorable to the Plaintiffs. *Hunt v. Aimco Properties*, L.P., 814 F.3d 1213, 1221 (11th Cir. 2016) (internal citation omitted). And while a plaintiff is obligated to provide the grounds of her entitlement to relief beyond labels and conclusions (such as a formulaic recitation of the elements of a cause of action), factual allegations alone are sufficient so long as they raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). In short, in the Rule 12(b)(6) context, claims are scrutinized merely for "facial plausibility."

     **1.**    **Plaintiff's Complaint has facial plausibility; the allegations "possess enough heft" to suggest plausible entitlement to relief**.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation 1274*1274 marks omitted). "[A] complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679, 129 S.Ct. 1937; *Carpenter v Syndicated Office Systems, LLC*, 319 F.Supp. 1272, 1273-74 (S.D. Fla. 2018).

Where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal citation and alteration omitted). "[T]he standard 'simply calls for enough facts to raise a reasonable expectation

3

that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309-10 (11th Cir. 2008); *id.*

    **B**.    **BECAUSE FHA CASES ARE UNIQUE, THE 11th CIRCUIT HAS HELD THAT ALLEGATIONS IN A DISCRIMINATION COMPLAINT SHOULD BE JUDGED BY THE STATUTORY ELEMENTS OF AN FHA CLAIM RATHER THAN THE STRUCTURE OF A PRIMA FACIE CASE.**

FHA cases are different and merit a more lenient level of pleading scrutiny. The Eleventh Circuit Court, when confronting a Rule 12(b)(6) Motion to Dismiss a housing discrimination claim, stated:

> We have never expressly set forth the elements of a section 3604(f)(1) claim. At the pleading stage, the relevant question is whether the complaint provides a 'short and plain statement of the claim' that 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' *Swierkiewicz v Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v Gibson*, 355 U.S. 41, 47 (1957)). In a discrimination case, '[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case.' *Id*. Thus, the allegations in the complaint 'should be judged by the statutory elements of an FHA claim rather than the structure of the prima facie case.'

[other, internal citations omitted.] *Hunt v Aimco Properties, L.P.*, 814 F.3d 1213, 1222 (11th Cir. 2016).

The Plaintiff's FHA Complaint more than adequately checks all boxes needed to withstand dismissal at the pleading stage.

### III. LEGAL ARGUMENT

    **A**.    **IT IS WELL-SETTLED LAW IN THE ELEVENTH CIRCUIT THAT VOLUNTARY CESSATION OF DISCRIMINATORY CONDUCT IS NOT A SHIELD OF MOOTNESS DEFEATING SUBJECT MATTER JURISDICTION NOR THE COURT'S ABILITY TO AWARD AN INJUNCTION.**

Although not articulated clearly, Defendants also seek dismissal under Rule 12(b)(1) on grounds that Plaintiff's claim for failure to accommodate is "moot" thereby defeating an actual "case or controversy" and thus this Court's subject matter jurisdiction or ability to award injunctive relief. MTD at 8-12; 15-17. Defendants argue they never actually denied Plaintiff's request for accommodation, but only asked for more information to make a "meaningful review" which Defendants assert magically moots Plaintiff's failure to accommodate claim. Ironically, Defendants also proffer Plaintiff's refusal to capitulate to their threats to remove her assistance animal and/or illegal demands to provide further information as further evidence of mootness. Defendants asseverate that Plaintiff kept an assistance animal, wholly disregarding the hostile environment culled by the Defendants which Plaintiff was forced to endure, and then broad-sweep their FHA violations with assurances that "Defendants have no future intentions of requesting that [Plaintiff] remove her ESA" and "will continue allowing [Plaintiff] to maintain the ESA on the property and will seek no further information as to an exception."[2] MTD at 10.

At its essence, Defendants' Rule 12(b)(1) logic is: "now that we're busted, we'll stop discriminating and pinky-swear not to do it again so, Judge, you can go ahead and dismiss the case." Voluntary cessation of discriminatory conduct has flatly been rejected in the Eleventh Circuit as grounds for dismissing a case:

> We have explained the relationship between mootness and the court's subject matter jurisdiction this way:
>
>> Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and "Controversies."... [A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. If events that occur subsequent to the filing of a lawsuit ... deprive the court of

---

[2]Defendants also falsely claim that "Hamlet has permitted [Plaintiff], **without interference**, to maintain her ESA for almost three (3) years prior to the filing of the instant action." MTD at 10 (emphasis added). The allegations and Exhibits to the Complaint prove otherwise. ECF No. 1.

5

the ability to give the plaintiff ... meaningful relief, then the case is moot and must be dismissed.

*Troiano v Supervisor of Elections in Palm Beach*, 382 F.3d 1276, 1281-82 (citation omitted). However, "[t]he doctrine of voluntary cessation provides an important exception to the general rule that a case is mooted by the end of the offending behavior," *id.* at 1282 (emphasis added):

> It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways. In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (internal quotation marks, citations, and alterations omitted; emphasis added)[additional citations omitted].

The "formidable," "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." *Laidlaw*, 528 U.S. at 190, 189, 120 S.Ct. 693 (alteration, internal quotation marks, and citation omitted); see also *Sec'y of Labor v. Burger King Corp.*, 955 F.2d 681, 684 (11th Cir.1992) (describing the defendant's burden as "heavy"). A defendant's assertion that it has no intention of reinstating the challenged practice "does not suffice to make a case moot" and is but "one of the factors to be considered in determining the appropriateness of granting an injunction against the now-discontinued acts." *W.T. Grant,* 345 U.S. at 633, 73 S.Ct. 894; see also *Hall v. Bd. of Sch. Comm'rs of Conecuh County*, 656 F.2d 999, 1001 (5th Cir. Unit B Sept.1981) ("To defeat jurisdiction ..., defendants must offer more than their mere profession that the conduct has ceased and will not be revived.").

*Sheely v. MRI Radiology Network, PA*, 505 F.3d 1173, 1183-1184 (11th Cir. 2007).

"[V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005) (quotation omitted); see also *Friends of the Earth,*

*Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 (2000). "Otherwise a party could moot a challenge to a practice simply by changing the practice during the course of the lawsuit, and then reinstate the practice as soon as the litigation was brought to a close." *Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998). "The voluntary-cessation doctrine is an exception to the general rule that a case is mooted by the end of the offending behavior." *Houston v. 7-Eleven, Inc.*, 2014 WL 351970, at *2 (S.D. Fla. Jan. 31, 2014) (citing *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1183 (11th Cir. 2007)).

Moreover, Defendants "bears a heavy burden of demonstrating that [their] cessation of the challenged conduct renders the controversy moot." *Rich v. Sec'y, Fla. Dep't of Corr.,* 716 F.3d 525, 531 (11th Cir. 2013) (quoting *Harrell v. The Florida Bar*, 608 F. 3d 1241, 1265 (11th Cir. 2010)). "To satisfy this burden, a defendant must demonstrate both that (1) no reasonable expectation exists that the alleged violation will recur, and (2)`interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Alumni Cruises, LLC v. Carnival Corp.*, 987 F. Supp. 2d 1290, 1302 (S.D. Fla. 2013) (quoting *Harrell*, 608 F. 3d at 1265). The Defendants in this case can only be said to have met their "formidable, heavy burden" when it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Sheely*, 505 F.3d at 1184; *Alabama v. U.S. Army Corps of Engineers*, 424 F. 3d 1117, 1131 (11th Cir. 2005) (citation omitted).

Voluntary cessation of discriminatory conduct has also been rejected as *carte blanche* grounds for denying injunctive relief. *Barberi v. Lopez Tires, Inc.*, Case 23-cv-21168-ALTMAN/REID (S.D. Fla. Mar. 18, 2024) citing *Sheely* at 1184 ("The Defendants' assertion that they ["have no future intention of requesting that [Plaintiff] remove her ESA"] is but one factor to be considered in determining the appropriateness of granting an injunction against the now-

discontinued acts."). In determining whether voluntary cessation moots a case, three factors are to be considered:

> (1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability.

*Barberi v. Lopez Tires, Inc.*, 2024 U.S. Dist. LEXIS 47065 *, 2024 WL 1174085, Case 23-cv-21168-ALTMAN/REID (S.D. Fla. Mar. 18, 2024) citing *Sheely*, 505 F.3d at 1184. In the case *sub judice,* none of these factors lend themselves to determination in a Rule 56 context, much less a Rule 12(b)(6) one.

Given that the MTD makes no mention of retraction of Defendants' existing illegal assistance animal policies or its longstanding practice of demanding extraneous information and capitulation to discriminatory terms as a precondition to receiving an accommodation for an assistance animal, it is axiomatic that the discriminatory conduct can resume at any time. Moreover, the MTD is replete with obfuscation and denials that Defendants' discriminatory conduct was in any way improper, which hardly inspires confidence that subsequent residents or potential residents will fare any better than Plaintiff did should they request the ability to reside with an assistance animal.

Dismissal under theories of mootness or lack of amenability to injunction disposition is baseless and substantively improper. Furthermore, even if Defendants' could offer more than a pinky-promise that they will comply with the FHA in the future, Plaintiff seeks compensatory and punitive damages for Defendants' past and ongoing discriminatory conduct -- a live controversy which stomps the very last breath out of Defendants' mootness claim. *Hunt v AIMCO* Properties, L.P., 814 F.3d 1213, 1220 (11th Cir. 2016)("Had the Hunts requested only injunctive relief to

prevent eviction, their case would be moot…But the Hunts also sought compensatory and punitive damages in all three counts of their complaint. Thus, the controversy as to money damages remains live, and we may hear this appeal.")

> B. **THE CONTENTION THAT PLAINTIFF'S CLAIMS ARE TIME-BARRED IS PATENTLY FRIVOLOUS IN THE FACE OF THE ALLEGATIONS OF THE COMPLAINT, THE CONTINUING VIOLATION DOCTRINE, AND RULE 12(b)(6) JURISPRUDENCE.**

Defendants argue Plaintiff's claims against them are time-barred by the two-year statute of limitations under the FHA. MTD at 5. Rule 15's bedrock, relation-back jurisprudence dictates otherwise, and, accordingly, Rule 12(b)(6) precludes substantive analysis and thus dismissal in this instance.

Because the matter is before the Court at the motion to dismiss stage however, Rule 15 analysis is not required nor even appropriate:

> [A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred because '[a] statute [**6] of limitations bar is an affirmative defense, and . . . **plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.**' *La Grasta v. First Union Sec., Inc*., 358 F.3d 840, 845 (11th Cir. 2004) (quotation marks omitted). In other words, '[a]t the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense **only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute**.' *Tello v. Dean Witter Reynolds, Inc*., 410 F.3d 1275, 1288 n.13 (11th Cir. 2005) (quotation marks omitted).

*Lindley v. City of Birmingham*, 515 Fed. Appx. 813, 815 (11th Cir. 2013) (emphasis supplied).

As a matter of Rule 12(b)(6) law, on the face of the Complaint, Defendants' statute of limitations argument fails. Defendants mislead this Court with their representation that Plaintiff's "claims stem from…events taking place in January and February, 2022" and that her "lawsuit was

filed in May, 2025, more than three (3) years and a few months about these events." Joint MTD at 7; *cf.* Complaint.

In Count 1 (failure to accommodate), Paragraphs 64 and 65 establish that in 2022 Plaintiff was required to sign acquiescence to Hamlet's policy that reserved unto itself the ability to arbitrarily demand that Plaintiff prove she is still disabled whenever the Board wished, and that Plaintiff refrain from walking her [ESA] on Hamlet's property and carry her [ESA] anytime she is outside her Unit. Complaint at 14. Paragraphs 42 through 52, which are expressly incorporated into Count 1, establish that **in 2025** the Defendants tried to bully Plaintiff into signing another copy of Hamlet's discriminatory policy. Complaint at 11. Adoption and implementation of the policy Plaintiff was forced to sign in 2022 is an ongoing FHA violation still being imposed in 2025, which is the essence of Plaintiff's claims comprising the Complaint.

Similarly, Counts 2, 3, and 4 all concern Defendants' 2025 actions.

In short, "[n]othing 'on the face of the [Complaint] demonstrate[s] that the complaint was filed at a date too late to have the potential to relate back" or to otherwise toll the statute of limitations, or in any other respect runs afoul of the FHA statute of limitations. *Lindley*, 515 Fed. Appx. at 816 (citations omitted).

Furthermore, the Supreme Court has recognized that a "'continuing violation' of the Fair Housing Act should be treated differently from one discrete act of discrimination." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982). Where, as here, the Plaintiff "'challenges not just one incident of conduct…but an unlawful practice that continues into the limitation period, the complaint is timely when it is filed [within the statutory period, running from] the last asserted occurrence of that practice.'" After the *Havens* decision, the FHA was amended to allow an aggrieved person to bring a civil action "not later than 2 years after the occurrence <u>or the</u>

10

*termination* of an alleged discriminatory housing practice . . . whichever occurs last." 42 U.S.C.S. § 3613(a)(1)(A) (emphasis supplied). *See also City of Miami v. Bank of Am. Corp.*, 800 F.3d 1262, 1285 (11th Cir. 2015)(*reversed on other grounds*)("The fact that the burdensome terms have not remained perfectly uniform does not make the allegedly unlawful practice any less 'continuing.'")

Defendants request for Rule 12(b)(6) dismissal on statute of limitations grounds is baseless, as well as procedurally and substantively improper.

### C. BALD DISAGREEMENT WITH WHAT QUALIFIES AS "INTIMIDATION" AND "INDICATING A PREFERENCE THAT PERSONS WITH DISABILITIES NOT RESIDE AT HAMLET" DOES NOT ESTABLISH IMPLAUSIBILITY OR GROUNDS FOR DIMISSAL.

Defendants mock Counts 2 and 3 of the Complaint, calling Plaintiff's proffer of Hamlet's Assistance Animal Policy and Application as evidence of Defendants' efforts "to coerce, intimidate, [and] threaten" Plaintiff or evidence of Defendants' illegally stated preference for non-disabled residents "ridiculous." However, the standard Defendants must meet for dismissal of any of Plaintiff's claims, including Count 2 (Illegal Intimidation – Assistance Animal Policy) and Count 3 (Publishing a Statement Indicating a Preference that Person with Disabilities Not Reside at Hamlet), is one of ***implausibility.*** See II.A. Plausibility, *supra.*

Review of the FHA as well as both the 11th Circuit caselaw and persuasive authority from this Court's sister jurisdiction, Plaintiff has more than pled plausible claims in Counts 2 and 3.

Under 42 U.S.C. § 3617, it is unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 42 U.S.C.S. §§ 3603, 3604, 3605 and 3606." The Eleventh Circuit recently held that if a plaintiff has plausibly alleged a claim for a violation of Section 3603, 3604, 3605, or 3606, she "has satisfied her burden for maintaining a claim under

11

Section 3617." *Watts v. Joggers Run Prop. Owners Ass'n*, 133 F.4th 1032, 1044 (11th Cir. 2025) (citations omitted).

Defendants' conduct as alleged in the Complaint and as exemplified in its Animal Policy and Application establish more than just a "plausible" claim under 42 U.S.C. § 3617.

Similarly, 42 U.S.C. § 3604(c) makes it unlawful for housing providers to "make, print or publish any notice, statement or advertisement with respect to the sale or rental of a dwelling that indicates any preference, limitation or discrimination based upon on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination." In her Complaint, Plaintiff alleged that statements in Hamlet's Application violate § 3604(c) because they imply that persons with disabilities in need of assistance animals are not desirable residents. Complaint at 17-18. The Complaint references and incorporates the Application as Exhibit 2. Complaint at 4.

Defendants seem to argue that Plaintiff's allegations in the Complaint and the Exhibits thereto are in conflict, citing caselaw in support of the proposition that exhibits control when such conflict arises, but offer no explanation as to how Plaintiff's Complaint and Exhibits are in conflict. MTD at 14. At best, Defendants hollowly challenge, without any legal support whatsoever, the allegation that Hamlet's Application implies that persons with disabilities in need of assistance animals are undesirable residents simply by baldly asserting that the language Plaintiff condemns "cannot be twisted, interpreted, nor viewed as discriminatory in any way shape or manner." MTD at 14-15. However, to successfully challenge Plaintiff's claim at the pleading stage, Defendants bear the burden of proving that Plaintiff's claim is implausible. Same requires more than vehement denials and conclusory gaslighting.

## IV.  CONCLUSION

Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff has unequivocally alleged facts that if true demonstrate that the Defendants have engaged in a pertinacious and continuous practice of violating the FHA.

Under Rule 12(b)(6), the Court must assume the veracity of the allegations unless a dispositive legal issue precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  No valid basis for preclusion has been averred by Defendants.

**WHEREFORE,** Plaintiff respectfully requests that this Court deny the Defendants', HAMLET AT POINCIANA CONDOMINIUM ASSOCIATION, INC's and CENTURY MANAGEMENT CONSULTANTS, INC.'s, [Joint] Motion to Dismiss Plaintiff's Complaint [ECF No. 14], and grant all other, further relief to Plaintiff the Court deems just.

Respectfully submitted,

| | |
|---|---|
| VENZA LAW, PLLC<br>Mercado Drive, #227<br>Venice Beach, FL 33409-1147<br>Office: (561) 596-6329<br>Email: dvenza@venzalawpllc.com<br><br>BY: *s/ Denese Venza*<br>Denese Venza, Esq.<br>Florida Bar No. 0599220<br>*Counsel for Plaintiff* | MARCY I. LAHART, PLLC 12161<br>861 S. 40th Street<br>Tacoma, WA 98418<br>Telephone: (352) 545-7001<br>Facsimile: (888) 400-1464<br>Email: marcy@doglaw.co<br>BY: *s/ Marcy I. LaHart*<br>Marcy I. LaHart, Esq.<br>Florida Bar No. 0967009<br>*Counsel for Plaintiff* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of July, 2025 a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT** has been furnished via CM/ECF electronic mail service to the Clerk of the Court who will send electronic notice to all counsel of record.

BY: *s/ Denese Venza*
*Counsel for Plaintiff*