UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80662-Cannon/McCabe

BEVERLY BUNCHER,

     Plaintiff,

v.

HAMLET AT POINCIANA
CONDOMINIUM ASSOCIATION, INC.
and CENTURY MANAGEMENT
CONSULTANTS, INC.,

     Defendants.

_____/

## ORDER SETTING DISCOVERY PROCEDURE

THIS CAUSE is before the Court *sua sponte*. In order to efficiently resolve discovery disputes, the parties are hereby notified that the following rules apply to discovery procedures before this Court. To the extent that this Order conflicts with the procedures set forth in the Local Rules for the Southern District of Florida, this Order takes precedence. These procedures are designed to assist the parties and the Court in working together to timely resolve discovery disputes without undue delay and unnecessary expense. Accordingly, it is hereby **ORDERED** as follows:

## I.      PROCEDURES FOR DISCOVERY DISPUTES

A.    <u>Pre-filing Communication</u>: If a discovery dispute arises, the parties must actually speak to one another, either **in person, via telephone, or via Zoom** to resolve their discovery disputes before seeking court intervention. E-mail correspondence alone does not constitute a sufficient conferral. As such, counsel shall discuss the available options for resolving the dispute without court intervention and make a concerted, *good faith* effort to arrive at a mutually

acceptable resolution.  The movant shall include in the motion a certificate of good faith that complies with Local Rule 7.1(a)(3).  *See* S.D. Fla. L.R. 7.1(a)(3).

B.     <u>Discovery Motions</u>:  If the parties are unable to resolve their discovery disputes without court intervention, the movant shall file a discovery motion.  All discovery motions shall be **no longer than five (5) pages**.  The purpose of the motion is merely to frame the discovery issues and succinctly explain the dispute.  The moving party MUST attach as exhibits any materials relevant to the discovery dispute (e.g., discovery demands and discovery responses), and shall describe the attachment pursuant to the Court's CM/ECF procedures, Rule 3L(2).  The motion must also cite to the best supporting legal authority.  The opposing party must file a response to the motion, **no longer than five (5) pages**, within **five (5) business days** of service of the discovery motion.  No reply shall be permitted.  If the Court determines that a discovery hearing on the motion is necessary, the Court will then enter an order setting the matter for a hearing.

C.     <u>Pre-Hearing Discussions</u>:  The parties are encouraged to continue to pursue resolution of any disputed discovery matters even after a hearing is scheduled.  If those efforts are successful, counsel should contact United States Magistrate Judge McCabe's chambers (McCabe@flsd.us.courts.gov) as soon as practicable so that the hearing can be timely canceled.  Alternatively, if the parties resolve some, but not all, of their issues before the hearing, counsel shall timely contact chambers to relay which issues are no longer in dispute.

D.     <u>Appearances by Newer Attorneys</u>:  The Court is mindful that newer attorneys generally have fewer speaking opportunities in court than their more experienced colleagues.  The Court strongly encourages the participation of attorneys with five years or less experience in all court proceedings, such as discovery hearings, especially where the attorney has been significantly involved in the litigation.

## II.    <u>DISCOVERY OBJECTIONS</u>

A.    <u>Boilerplate or General Objections</u>:  The parties shall not make nonspecific, boilerplate objections.  *See, e.g.*, S.D. Fla. L.R. 26.1(e)(2)(A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds.").  The parties also shall not make General Objections that are not tied to a particular discovery request.  Such objections are meaningless and will be found meritless by the Court.

B.    <u>Vague, Overly Broad, and Unduly Burdensome</u>:  Objections that claim a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless, and will be found meritless by the Court.  A party objecting on those grounds must explain the specific and particular way in which the request is vague, overly broad, or unduly burdensome.  *See* Fed. R. Civ. P. 33(b)(4) & 34(b)(2)(B).  In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.  *See, e.g.*, *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012).  If a party believes that a request or a term is vague, that party shall attempt to obtain clarification from opposing counsel prior to objecting on vagueness grounds.  If the objecting party asserts that the request seeks materials that are not relevant, the objection should say so and explain why.  Alternatively, if the objector asserts that the request seeks materials that are relevant, but excessive or cumulative, the objection should state that the request is disproportionate and explain why.

If a party believes a discovery request seeks information that is irrelevant, unduly broad, burdensome, or disproportionate, that party shall confer in good faith with opposing counsel to narrow the scope of the request before asserting these objections.  That party shall also provide discovery as to those matters for which the scope or burden is not contested.  For example, if there is an objection based upon the scope of the request, such as the time frame or the geographic location, discovery should be provided as to the time period or locations that are not disputed.  Thus, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

C.    <u>Formulaic Objections Followed by an Answer</u>: The parties shall not recite a formulaic objection followed by an answer to the discovery request.  It has become common practice for a party to object on the basis of any of the above reasons, and then state, "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection.  This type of objection and answer preserves nothing and serves only to waste the time and resources of the parties and the Court.  Further, such practice leaves the requesting party uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered.  *See* American Bar Association, *Civil Discovery Standards* 18-19 (2004).

D.    <u>Objections Based Upon Privilege</u>:  Generalized objections asserting attorney-client privilege or work-product doctrine also do not comply with the Local Rules.  Local Rule 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as, *inter alia*, the nature and subject matter of the communication

4

at issue and the sender and receiver of the communication and their relationship to each other. S.D. Fla. L.R. 26.1(e)(2)(B). The parties are instructed to carefully review this rule and to refrain from general non-specific privilege objections. If a party raises a general objection of privilege without attaching a proper privilege log, the objection of privilege may be deemed waived.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 12th day of November 2025.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE