UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80662-Cannon/McCabe

BEVERLY BUNCHER,

    Plaintiff,

v.

HAMLET AT POINCIANA CONDOMINIUM
ASSOCIATION, INC., and CENTURY
MANAGEMENT CONSULTANTS, INC.,

    Defendants.
_____/

## ORDER ON DE 45 & 46

THIS CAUSE came before the Court on Plaintiff's motion to compel (DE 45) and Defendants' motion for protective order (DE 46). For the reasons set forth below, the motions are **GRANTED IN PART** and **DENIED IN PART**.

### Background

This is a housing discrimination case involving emotional support animals. Earlier this year, Plaintiff propounded a First Request for Production of Documents ("RFP"), a First Set of Interrogatories ("ROGs"), and a First Request for Admissions ("RFAs") on Defendants. Defendants objected to many of the requests, prompting a period of negotiation to resolve the objections. These motions followed, presenting discovery disputes the parties could not resolve on their own.

By way of DE 45, Plaintiff seeks to compel additional responses to RFPs and ROGs. By way of DE 46, Defendants seek entry of a protective order to prevent them from responding to numerous RFAs. The Court issues the following rulings, using the following abbreviations:

| | | | |
|---|---|---|---|
| OB | overly broad | P | proportionality |
| V | vague | AC | atty. client priv. |
| A | ambiguous | WP | work product |
| R | relevance | C | confidential |
| B | burden | | |

**First ROGs (DE 48-3)**

At the outset, the Court overrules all general objections asserted on the first page of Defendants' response. (DE 48-3 at 1). This Court does not allow general objections. (DE 39 at 3). As to specific objections, the Court issues the following rulings on ROGs and objections raised by the parties during the hearing on this motion. (Plaintiff's written motion raised additional issues, but the Court assumes the parties resolved those issues on their own).

| # | ROG Description[1] | Objections | Ruling |
|---|---|---|---|
| 3 | Identify persons involved in failing to respond to request for accommodation | Assumes facts not in evidence | Sustained in part as to "assumes facts." Defendants shall answer ROG # 3, but revised to delete the words "immediately" and "reasonable." |
| 16 | Identify why the word "strict" was used | AC | Sustained as to AC. Defendants need not disclose the contents of attorney-client privileged communications in their answers to ROG # 16. |

---

[1] For the sake of brevity, this column sets forth a shorthand description of each discovery request, rather than a verbatim copy of the complete text. The parties should not interpret these shorthand descriptions to have any substantive impact or limitation on the Court's holdings.

| #  | ROG Description | Objections | Ruling |
|----|---|---|---|
| 19 | Identify financial accounts, etc. | OB, B, P | Overruled as to B and P, as Defendants failed to provide the Court with any evidence, beyond argument, concerning the burden imposed in answering this ROG.<br><br>Sustained in part as to OB. "Only current financial documents are relevant to a claim for punitive damages." *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005). Defendants shall answer ROG # 19, but limited to the date of the answer, not five years into the past.<br><br>Also, Defendants may mark the answer as confidential. If the parties do not yet have a confidentiality agreement, they shall agree to one immediately. Alternatively, they shall advise the Court of their inability to reach agreement, at which point, the Court will enter a confidentiality order that restricts the use of confidential information. |
| 22 | Attempts to engage in the "interactive process" | V | Sustained as to V. The ROG does not define "interactive process." |

**First RFP (DE 48-4)**

At the outset, the Court overrules all general objections asserted on the first page of Defendants' response. (DE 48-4 at 1). This Court does not allow general objections. (DE 39 at 3). As to specific objections, the Court issues the following rulings on the RFPs and objections raised by the parties during the hearing on this motion. (Plaintiff's written motion raised additional issues, but the Court assumes the parties resolved those issues on their own).

| #  | RFP Description | Objections | Ruling |
|----|---|---|---|
| 1 | Docs re: processing of accommodation request | Privileged | Overruled, as Defendants have not provided a privilege log. |

| 3 | Docs exchanged re: accommodation request | Privileged | Overruled, as Defendants have not provided a privilege log. |
|---|---|---|---|
| 7 | Certified copy of insurance policy, etc. | None | Defendants represent that they have produced non-certified, redacted copies of the documents requested.  Defendants shall remove the redactions but may mark the redacted portions as confidential.  Defendants need not obtain certified copies from their insurer. |
| 13 | Emails etc, between Hamlet and Plaintiff's husband | Privileged | Overruled, as Defendants have not provided a privilege log. |
| 24 | Docs in Eduardo Romero's possession | Privileged | Overruled, as Defendants have not provided a privilege log. |
| 25 | Docs in Albert Bercume's possession | Privileged | Overruled, as Defendants have not provided a privilege log. |
| 26 | Docs in Rhonda Borean's possession | Privileged | Overruled, as Defendants have not provided a privilege log. |
| 29 | Docs identified in the initial disclosure | Privileged | Overruled, as Defendants have not provided a privilege log. |
| 30 | Board meeting minutes re: emotional support animals | OB, R | All objections overruled. |
| 31 | Policies re: emotional support animals | OB, B, R | All objections overruled. |

**First RFAs (DE 46-1)**

By way of DE 46, Defendants seek a protective order, pursuant to Fed. R. Civ. P. 26(c)(1), to prevent them from responding to 42 RFAs propounded by Plaintiff, specifically, RFA#s 9-10, 14, 18-19, 21-23, 25, 40-43, 46, 55, 59, 61-63, 65-68, 76, 78, 80, 84, 86, 96-101, 107, and 114-

121. In support, Defendants argue, among other things, that the RFAs are excessive, overly broad, and burdensome. (DE 46).

A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking entry of a protective order bears the burden of establishing good cause. *Stansell v. Revolutionary Armed Forces of Colom.*, 120 F.4th 754, 766 (11th Cir. 2024). The phrase good cause "generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

The Court finds no good cause for entry of a sweeping protective order to prevent Defendants from responding to the 42 RFAs at issue. The Federal Rules of Civil Procedure place no limit on the number of RFAs that parties may propound to one another. Parties may propound RFAs relating to facts, the application of law to fact, opinions about either, or the genuineness of documents. *See* Fed. R. Civ. P. 36(a)(1). The answering party may respond by admitting, denying, objecting, or asserting that the answering party lacks sufficient knowledge or information to respond. *See* Fed. R. Civ. P. 36(a)(4)-(5).

The Court agrees that parties often misuse RFAs in an abusive manner. *See Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (noting that RFAs should be used to narrow issues for trial and not as a substitute for the normal discovery processes). The Court has reviewed the RFAs here, however, and finds most of them to be within the bounds of Rule 36. As such, the Court finds no basis to enter a sweeping protective order against the 42 RFAs.

Instead, Defendants must respond to the RFAs in accordance with the Federal Rules of Civil Procedure, raising any objections they see fit. Once Defendants raise their objections, the

parties shall follow the meet-and-confer process, after which the Court will resolve any remaining issues. This ruling does not prohibit Defendants from raising objections to RFAs, nor does this ruling limit how the Court will decide such objections in the future.

### Fee Shifting

This Court interprets Fed. R. Civ. P. 37 to impose a "loser pays" system of fee-shifting in discovery motion practice. Under the rule, the losing party "must" pay the reasonable expenses of the winning party unless the losing party was "substantially justified" in taking its position or "the circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5); *see also Eastern Maico Distributors, Inc. v. Maico-Fahrzeugfabrik, G.m.b.H.*, 658 F.2d 944, 948 n.4 (3d Cir. 1981) (noting that "Rule 37 was amended to provide for the imposition of fees as the norm rather than the exception"); *see also* Fed. R. Civ. P. 37, Advisory Committee Notes (1970) ("The proposed change provides in effect that expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to court.").

Applying these standards here, the Court orders partial fee-shifting from Defendants to Plaintiff. To be sure, Defendants prevailed on many of the issues at stake in DE 45 and DE 46, and Defendants had substantial justification for raising many of the arguments they lost. Nevertheless, Defendants lacked substantial justification for raising boilerplate objections in their initial responses to RFPs and ROGs. (DE 45-1, DE 45-2). Even after Plaintiff filed her motion to compel (which cited this Court's Standing Discovery Order), Defendants continued to assert boilerplate objections in their revised responses to RFPs and ROGs. (DE 48-3, DE 48-4). Defendants lacked any substantial justification for doing so. As such, the Court shifts fees in the amount of $500 to account for the expenses incurred by Plaintiff in responding to Defendants'

boilerplate objections. Defendants shall pay this amount to Plaintiff within twenty (20) days. This is not a sanction, and the Court makes no finding of bad faith.

## Conclusion

For all of the above reasons, the Court **ORDERS** as follows:

1. The motions (DE 45, DE 46) are **GRANTED IN PART** and **DENIED IN PART** as set forth above.

2. All documents, interrogatory answers, and RFA responses subject to this Order shall be produced within twenty (20) days of the Order, unless otherwise agreed upon by the parties.

3. Pursuant to Fed. R. Civ. P. 37, the Court shifts fees in the amount of $500. Defendants shall pay this amount to Plaintiff within twenty (20) days. This is not a sanction, and the Court makes no finding of bad faith.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 19th day of December 2025.

                                                  RYON M. MCCABE
                                                  U.S. MAGISTRATE JUDGE